**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

```
— — — — — — — — — — — — — — — — — — — — x
AMERICAN BILTRITE INC.,                  :
                                         :
                       Plaintiff,        :   Civil Action No.:
                                         :
           v.                            :
                                         :   JURY TRIAL REQUESTED
SUPPLIES & MORE TRADING LLC,             :
                                         :
                       Defendant.        :
                                         :
— — — — — — — — — — — — — — — — — — — — x
```

## COMPLAINT

Plaintiff American Biltrite Inc. ("Plaintiff" or "American Biltrite"), through its attorneys, complaining of Defendant Supplies & More Trading LLC ("Defendant"), alleges as follows:

### NATURE OF THE ACTION

1. This is an action at law and in equity to remedy acts of, inter alia, (1) trademark infringement under 15 U.S.C. § 1114(1); (2) false designation of origin under 15 U.S.C. § 1125(a); (3) unfair competition under the common law of New York; and (4) violation of the Anticybersquatting Consumer Protection Act under 15 U.S.C. § 1125(d), all caused by Defendant's unauthorized use, among other places, in the Eastern District of New York of Plaintiff's well known and distinctive trademark, OASIS in connection with flooring products.

2. Plaintiff is a Delaware corporation having an office and place of business at 57 River Street, Wellesley Hills, Massachusetts 02181.

3. Upon information and belief, Defendant is a New York limited liability company with a place of business at. 199 Lee Avenue, Suite 1096, Brooklyn, New York 11211.

4. Upon information and belief, Defendant is transacting and doing business within this judicial district, is committing the acts complained of herein within this judicial district and is subject to the jurisdiction of this Court pursuant to the laws of this State and Rule 4 of the Federal Rules of Civil Procedure.

5. This court has subject matter jurisdiction over American Biltrite's claims pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1338, 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

**Plaintiff's Well-known OASIS Mark**

7. American Biltrite is the owner of the inherently distinctive OASIS mark in connection with flooring products (the "OASIS Mark").

8. American Biltrite has been using its OASIS Mark for over 22 years, since at least as early as July 13, 2000.

9. The OASIS Mark has been extensively promoted and received significant positive press and attention from the trade and public.

10. Based on all of the foregoing, the OASIS Mark has gained a secondary meaning as denoting flooring of excellent quality and value stemming from American Biltrite, and the OASIS Mark has become a business asset of immense value to American Biltrite.

11. American Biltrite is the owner of incontestable U.S. Registration No. 2,634,934 of October 15, 2002 for its OASIS Mark (the "OASIS Registration"). A copy of the OASIS Registration is annexed hereto as Exhibit A. The OASIS Registration is in full force and effect and has never been abandoned.

**Defendant's Infringing Activities**

12. Long after American Biltrite's adoption and use of the OASIS Mark, and long after the OASIS Mark achieved widespread commercial recognition, on or about October 4, 2021, Defendant, without American Biltrite's authorization or consent, filed a U.S. trademark Application for OASIS EVERLASTING (the "Infringing Mark") for vinyl flooring, which Application was subsequently assigned Serial No. 97/058,979 (the "Infringing Application").

13. The Infringing Application alleges first use of the Infringing Mark and first use of the Infringing Mark in commerce since "at least as early as September 30, 2021." This is more than twenty years after American Biltrite's first use of the OASIS Mark, and nearly twenty years after the OASIS Registration issued.

14. The U.S. Trademark Office agrees with Plaintiff that there is a likelihood of confusion between the Infringing Mark and Plaintiff's OASIS Mark. In particular, on or about July 11, 2022, the U.S. Trademark Office issued an Office Action in connection with the Infringing Application refusing registration of the Infringing Mark based in part on a likelihood of confusion with the OASIS Registration.

15. On or about November 8, 2022, Defendant submitted a Response in the U.S. Trademark Office arguing against the refusal, but the U.S. Trademark Office was not convinced, and on November 23, 2022, it suspended the Infringing Application pending renewal of American Biltrite's OASIS Registration.

16. American Biltrite submitted the necessary paperwork to renew its OASIS Registration on or about September 17, 2022, and the U.S. Trademark Office renewed the Registration on March 29, 2023.

4874-7194-2239v.1

17. American Biltrite subsequently learned that Defendant is also using several other OASIS-formative marks for flooring, i.e., OASIS DIAMOND, OASIS LUXE, OASIS PLATINUM and OASIS SILVER (the foregoing marks, together with the Infringing Mark, collectively, the "Infringing Marks").

18. Defendant is advertising and promoting flooring under the Infringing Marks at the website located at https://oasiseverlasting.com/ (the "Infringing Domain") and presumably elsewhere.

19. Given the identical nature of the dominant portion of the parties' marks, *i.e.,* OASIS, and the identical nature of the parties' products, *i.e.,* flooring, Defendant's use of the Infringing Marks and the Infringing Domain creates the false impression that the parties' respective goods emanate from the same source or that there is an affiliation, license or other relationship between the parties, when there is not.

20. Upon information and belief, Defendant's acts of infringement, unfair competition and cybersquatting have been willful.

21. On or about October 18, 2022, American Biltrite, through its counsel, sent a notice letter to Defendant's counsel, putting Defendant on notice of American Biltrite's objections to Defendant's use of the Infringing Marks and demanding that Defendant immediately cease use of the same.

22. Despite communications between counsel, Defendant continue to use the Infringing Marks and the Infringing Domain.

4874-7194-2239v.1

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
## VIOLATION OF 15 U.S.C. § 1114(1)

24. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in paragraphs 1-22 of the Complaint.

25. This Count arises under the provisions of the Trademark Act of 1946, 15 U.S.C. § 1051 *et. seq.*, particularly under U.S.C. § 1114(1), and alleges infringement of a federally registered trademark.

26. American Biltrite repeats and realleges the allegations contained in the preceding Paragraphs as if fully set forth herein.

27. The use of the Infringing Marks and the Infringing Domain by Defendant is without permission or authority of American Biltrite and such use has been and continues to be in a manner likely to cause confusion, to cause mistake and to deceive. Among other things, Defendant's use of the Infringing Marks and the Infringing Domain is likely to lead others to mistakenly believe that the flooring products offered for sale and sold under the Infringing Marks and the Infringing Domain originate from or are in some way associated with, sponsored or endorsed by, or related to American Biltrite when they not.

28. The aforesaid and continuing acts of Defendant infringe American Biltrite's registered OASIS Mark in violation of 15 U.S.C. § 1114(1). Said continuing violation is causing and, unless enjoined, will continue to cause irreparable harm and damage to American Biltrite and its business, reputation and goodwill and has caused American Biltrite to suffer monetary damages in an amount that has yet to be determined.

4874-7194-2239v.1

29. Unless restrained and enjoined, Defendant's continuing acts of infringement will cause American Biltrite irreparable harm and damage for which there is no adequate remedy at law.

## COUNT II
## UNFAIR COMPETITION UNDER THE LANHAM ACT
## 15 U.S.C. § 1051

30. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in paragraphs 1-22 of the Complaint.

31. This Count arises under the provisions of the Trademark Act of 1946, 15 U.S.C. § 1051 *et. seq*., particularly under U.S.C. § 1125(a), and alleges the use in commerce of false designations of origin and false descriptions and representations.

32. American Biltrite repeats and realleges the allegations contained in the preceding Paragraphs as if fully set forth herein.

33. Defendant's use of the Infringing Marks and the Infringing Domain is likely to create confusion and to deceive consumers and others as to the source of origin, sponsorship and/or authorization of Defendant's products sold under the Infringing Marks.

34. As more fully set forth above, the OASIS Mark has come to have a secondary meaning indicative of origin, relationship, sponsorship, and/or association with American Biltrite. The purchasing public and others are likely to mistakenly attribute to American Biltrite the use by Defendant of the Infringing Marks and the Infringing Domain as a source of origin, authorization, affiliation, and/or sponsorship for Defendant's flooring products, and, therefore, to purchase Defendant's products in that erroneous belief.

35. Defendant's adoption and continued willful use of marks which are confusingly similar to that of American Biltrite as hereinabove alleged, constitutes a use in interstate

6

4874-7194-2239v.1

commerce and a false designation of origin or false and misleading description or representation of goods in commerce, with knowledge of the falsity, and deceptive misdescription, which is likely to cause confusion, mistake and deception, and in commercial advertising and promotion, misrepresents the nature, characteristics, qualities and origin of Defendant's flooring products within the meaning and in violation of 15 U.S.C. § 1125(a).

36. Defendant has used in connection with the sale of flooring products, false designations of origin and false descriptions and representations, including words or other symbols, which tend falsely to describe or represent such products and has caused such products to be offered for sale and sold in commerce with full knowledge or willful blindness of the falsity of such designations of origin and such descriptions and representations, all to the detriment of American Biltrite. In particular, the use by Defendant of the Infringing Marks and the Infringing Domain in connection with flooring products constitutes the use of false descriptions and representations tending falsely to describe products sold by Defendant.

37. Said continuing violation is causing and, unless enjoined, will continue to cause irreparable harm and damage to American Biltrite and its business, reputation and goodwill and has caused American Biltrite to suffer monetary damages in an amount that has yet to be determined.

38. Unless restrained and enjoined, Defendant's continuing acts of infringement will cause American Biltrite irreparable harm and damage for which there is no adequate remedy at law.

4874-7194-2239v.1

**COUNT III**
**UNFAIR COMPETITION UNDER THE COMMON LAW OF NEW YORK**

39. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in paragraphs 1-22 of the Complaint.

40. This claim arises under the common law of the State of New York and alleges the willful and intentional unfair competition by Defendant.

41. American Biltrite repeats and realleges the allegations contained in the preceding Paragraphs as if fully set forth herein.

42. As more fully set forth above, Plaintiff's OASIS Mark has come to have a secondary meaning indicative of origin, relationship, sponsorship, and/or association with American Biltrite.

43. As a result of Defendant's use of the Infringing Marks and the Infringing Domain, the trade and purchasing public is likely to believe erroneously that Defendant's flooring products originate from American Biltrite or that Defendant's flooring products are sponsored or endorsed by or affiliated with American Biltrite, when they are not.

44. As more fully set forth above, the use by Defendant of the Infringing Marks and the Infringing Domain constitutes passing off, unfair methods of competition, unconscionable acts and practices, and unfair and deceptive acts and practices wherein Defendant's conduct is likely to cause confusion in the trade as to the source of Defendant's flooring products or is likely to lead the public to believe that Defendant's flooring products are in some way connected with American Biltrite when in fact they are not, all to the detriment of American Biltrite and in violation of the common law of the State of New York.

45. Said continuing violation is causing and, unless enjoined, will continue to cause irreparable harm and damage to American Biltrite and its business, reputation and goodwill and has caused American Biltrite to suffer monetary damages in an amount that has yet to be determined.

46. Unless restrained and enjoined, Defendant's continuing acts of infringement will cause American Biltrite irreparable harm and damage for which there is no adequate remedy at law.

## COUNT IV
## CYBERSQUATTING UNDER THE LANHAM ACT
## 15 U.S.C. § 1051

41. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in paragraphs 1-22 of the Complaint.

47. This Count arises under the provisions of the Trademark Act of 1946, 15 U.S.C. § 1051 *et. seq.*, particularly under U.S.C. § 1125(d), and alleges cybersquatting under the Anti-cybersquatting Consumer Protection Act.

48. Plaintiff repeats and realleges the allegations contained in the preceding Paragraphs as if fully set forth herein.

49. Upon information and belief, Defendant at all relevant times, is and continues to be aware of the goodwill, reputation and value represented and symbolized by the OASIS Mark, and was and continues to be aware that the OASIS Mark is recognized and relied upon by the trade and the public to identify the flooring products of American Biltrite and to distinguish them from the goods and services of others.

50. Upon information and belief, notwithstanding the reputation and goodwill represented by the OASIS Mark and the Defendant's awareness thereof, and, upon

9

4874-7194-2239v.1

information and belief, precisely because of said awareness, Defendant, upon information and belief, willfully and in bad faith registered, and in bad faith began using in commerce the Infringing Domain.

51. The Infringing Domain is confusingly similar to the OASIS Mark.

52. Upon information and belief, the activities of Defendant complained of are willful, intentional, in bad faith and in total disregard of American Biltrite's rights and were commenced and have continued despite Defendant's knowledge that the unauthorized registration and use of the OASIS Mark or a copy or a colorable imitation thereof as a domain name, including, without limitation, the Infringing Domain, was and is in direct contravention of American Biltrite's rights.

53. The registration and use in commerce by Defendant of the Infringing Domain has been without the consent of American Biltrite and is likely to cause confusion and mistake in the minds of the purchasing public and falsely create the impression that the flooring products provided under the Infringing Marks are authorized, sponsored, or approved by American Biltrite when in fact, they are not.

54. Upon information and belief, the activities of Defendant complained of herein were conducted in bad faith and constitute willful and intentional conduct intended to trade on American Biltrite's reputation.

55. The Defendant's registration and continued use of the Infringing Domain has caused, is causing and, unless enjoined, will continue to cause irreparable harm and damage to American Biltrite and its business, reputation and goodwill and has caused American Biltrite to suffer monetary damages in an amount not thus far determined.

56. Unless restrained and enjoined, the Defendant's aforesaid acts will cause American Biltrite irreparable harm and damage for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, American Biltrite demands:

I.    That a preliminary and permanent injunction be issued enjoining Defendant and its agents, servants, employees and attorneys and those persons in active concert or participation with them:

    A.    from advertising, offering for sale or selling any products or services under the Infringing Marks or the Infringing Domain, or from otherwise using the Infringing Marks or the Infringing Domain or any other mark or name which contains the OASIS element or is confusingly similar to the OASIS Mark, including, without limitation, as a trademark, service mark, corporate name, trade name, certificate of assumed name, domain name or social media handle;

    B.    from unfairly competing with American Biltrite; and

    C.    from using in connection with the sale of any goods or services, a false or misleading description or representation including words or other symbols tending to deceive.

II.    That Defendant be required to pay such actual damages as American Biltrite has sustained in consequence of the acts of Defendant complained of herein, and that any such monetary award be enhanced up to three times pursuant to the provisions of 15 U.S.C. § 1117.

III. That Defendant be required to account to American Biltrite for all profits resulting from Defendant's infringing activities and that such award of profits to American Biltrite be increased by the Court as provided for under 15 U.S.C. § 1117.

IV. That Defendant be ordered to pay damages to American Biltrite in the amount of $100,000 for the Infringing Domain pursuant to 15 U.S.C. § 1117(d).

V. That Defendant be ordered to transfer to American Biltrite the Infringing Domain and any other domain name or social media handle owned and/or controlled by Defendant that contains the OASIS element or a colorable imitation thereof.

VI. That Defendant be required to abandon the Infringing Application and/or that the Commissioner of Trademarks be directed to cancel any registration resulting from the Infringing Application.

VII. That the Court find this case to be exceptional and award reasonable attorneys' fees to American Biltrite.

VIII. That American Biltrite have a recovery from Defendant of the costs of this action pursuant to 15 U.S.C. § 1117.

IX. That Defendant be required to pay to American Biltrite punitive damages in connection with American Biltrite's common law unfair competition claim.

X. That Defendant be ordered to deliver up to American Biltrite for destruction all signs, labels, stickers, prints, packages, wrappers, receptacles, advertisements and other written or printed material in its possession, custody or control which bear the Infringing Marks and/or the Infringing Domain, alone or in combination with any other words, marks or other elements.

XI. That American Biltrite have all other and further relief as the Court may deem just and proper under the circumstances.

4874-7194-2239v.1

## JURY DEMAND

American Biltrite hereby demands a trial by jury on all claims and issues triable by a jury.

Respectfully submitted,

Dated: April 24, 2023

By: **/s/ ANTHONY F. LO CICERO**
Anthony F. Lo Cicero
Holly Pekowsky

**AMSTER, ROTHSTEIN & EBENSTEIN LLP**
405 Lexington Avenue
New York, New York 10174
Tel. No.: (212) 336-8000
Fax No.: (212) 336-8001

*Attorneys for Plaintiff American Biltrite Inc.*

4874-7194-2239v.1